**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| AFFORDABLE CARE, LLC, AFFORDABLE DENTURES & IMPLANTS – ANDERSON, P.C., AND DR. JENNIFER E. LOHSE, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE TRAVELERS COMPANIES, INC., AND THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> *Defendants*. | **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiffs Affordable Care, LLC ("Affordable Care"); Affordable Dentures & Implants – Anderson, P.C.; and Dr. Jennifer E. Lohse (together, the "Anderson Practice") bring this Complaint for breach of contract and bad faith against Defendants The Travelers Companies, Inc. and The Charter Oak Fire Insurance Company (together, "Travelers"), and allege as follows:

## I.     NATURE OF THE ACTION

1.     This insurance coverage action seeks damages arising from Travelers' breach of its contractual obligations and bad-faith conduct towards Affordable Care and the Anderson Practice stemming from Travelers' refusal to pay amounts owed under the insurance policy sold by Travelers for business interruption losses sustained by Affordable Care and the Anderson Practice.

## The Parties

2.     Plaintiff Affordable Care, LLC ("Affordable Care") is a dental support organization that provides administrative management services to independently owned and operated dental practices across the United States, including the Anderson Practice. Affordable

Care receives compensation from each practice in the form of management fees, expense reimbursement and other amounts.

3. Affordable Care is a North Carolina limited liability company, with a principal place of business at 629 Davis Drive, Suite 300, Morrisville, North Carolina 27560.

4. Plaintiff Affordable Dentures & Implants – Anderson, P.C. operates the dental practice of the Anderson Practice, and is a South Carolina professional corporation, with a principal place of business at 3004 North Main Street, Anderson, South Carolina 29621.

5. Plaintiff Dr. Jennifer E. Lohse was the owner of the Anderson Practice during the Incident and following the incident at issue, and is a citizen of South Carolina.

6. Upon information and belief, Defendant The Travelers Companies, Inc. is a Minnesota corporation, with a principal place of business at 485 Lexington Avenue, New York, New York 10017, and is the parent entity of Defendant The Charter Oak Fire Insurance Company.

7. Upon information and belief, Defendant the Charter Oak Fire Insurance Company is a Connecticut corporation, with a principal place of business at One Tower Square, Hartford, Connecticut 06183.

8. Upon information and belief, The Charter Oak Fire Insurance Company is licensed to conduct business, does business, and maintains a registered agent for service of process in South Carolina.

## II.    JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Travelers as it regularly conducts business in South Carolina, and is licensed to sell insurance in South Carolina

10. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

11.     Venue is proper in this division because it is where a substantial part of the events or omissions giving rise to the claims occurred, and because is it also where the defendants do business relating to the events or omissions alleged.

### III.    FACTUAL ALLEGATIONS

**A.    The Insurance Policy**

12.     Travelers sold a commercial liability insurance policy including deluxe property coverage, among other coverages, with policy number No. P22O630-6S556287, and a policy period of September 1, 2022 through September 1, 2023 (the "Travelers Policy").

13.     Affordable Care is an insured under the Travelers Policy.  (*Id*. at ¶ 1.)

14.     Affordable Dentures & Implants – Anderson, P.C. is also an insured under the Travelers Policy.  (*See id*. at Location Schedule, No. 175; and at Schedule of Designated Named Insureds and Designated Premises, p. 18.)

15.     Affordable Care paid or caused to be paid all premium dollars due and owing for the Travelers Policy.

16.     The Travelers Policy's Deluxe Business Income (and Extra Expense) Coverage insuring agreement broadly provides that Travelers will pay for:

> The actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration"; and the actual Extra Expense you incur during the "period of restoration" caused by direct physical loss of or damage to property at the premises which are described in the Declarations and for which a Business Income and Extra Expense Limit of Insurance is shown in the Declarations.

(*Id*. at Deluxe Business Income (and Extra Expense) Coverage Form, ¶ A (Coverage).)

17.     Business Income, in turn, is defined as "(1) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; plus (2) Continuing normal operating expenses incurred, including payroll." (*Id*. at Business Income, ¶ 1.)

18.     Additionally, the Business Income Coverage includes coverage for Extra Expenses, which the Travelers Policy defines as the "reasonable and necessary expenses . . . that you incur during the 'period of restoration' and that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss." (*Id*. at Extra Expense, ¶ 2.)

19.     Covered Extra Expenses include:

> (a) expenses to avoid or minimize the "suspension" of business and to continue "operations" at: (1) the described premises; or (2) replacement premises or temporary locations, including: (a) relocation expenses; and (b) costs to equip and operate the replacement premises or temporary locations;
>
> (b) expenses to minimize the "suspension" of business if you cannot continue "operations"; or
>
> (c) expenses to repair or replace property . . . .

20.     Affordable Care and the Anderson Practice have complied with all obligations and conditions precedent under the Travelers Policy, and no exclusions in the Travelers Policy foreclose coverage for their insurance claims.

21.     Travelers has a duty under the Travelers Policy to pay the insurance claims at issue here.

22.     The insurance claims are within the limits of the insurance coverage afforded by the Travelers Policy.

### B.     The Incident

23.     On December 23, 2022, water pipes at the Anderson Practice froze and burst, causing property damage and business interruption losses (the "2022 Loss").

24.     The Anderson Practice was not able to operate after the 2022 Loss until the repairs were completed; the repairs were completed in January 2024.

25.     As a result of the direct property damage and necessary extended closure of the Anderson Practice, Plaintiffs suffered significant business interruption losses.

### C.     The Insurance Claim

26.     Following the Incident, a timely insurance claim was submitted on behalf of the Anderson Practice for its business interruption losses arising out of the Incident.

27.     Affordable Care also submitted a claim under the Travelers Policy for business interruption losses it sustained as a result of the Incident and resulting from the time that the Anderson Practice was closed.

28.     Travelers has not paid the amounts owed under the Travelers Policy for the business interruption losses claimed by the Anderson Practice.

29.     Travelers has not paid the amounts owed under the Travelers Policy for the business interruption losses claimed by Affordable Care.

### D.     Travelers' Improper Claims Handling and Denial

30.     Following receipt of the Anderson Practice's insurance claim under the Travelers Policy for business interruption losses sustained as a result of the Incident, Travelers asserted that it could not complete its adjustment of the loss unless it received certain information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

31.     Though Travelers insisted that it receive information that was subject to HIPAA protections, Travelers refused to sign a business associate agreement ("BAA") or agree to

comply with HIPAA to receive the information that it contended was necessary for the adjustment of the business interruption losses.

32.     While Affordable Care disputed that the information Travelers requested was necessary to adjust the claim, Affordable Care agreed to provide the information that Travelers requested provided that Travelers execute a BAA to protect that information.

33.     Travelers also approached the measurement of the Anderson Practice's business interruption losses in a manner that was neither reasonable nor consistent with the manner in which the Anderson Practice earns revenue.

34.     Travelers intentionally ignored the way the Anderson Practice earns revenue when calculating the business interruption losses covered under the Travelers Policy because doing so would result in a windfall to Travelers.

35.     For example, in disregard of its obligations under the Travelers Policy, Travelers asserted an improper offset involving other independently owned dental practices which also receive administrative support from Affordable Care.  Travelers demanded revenue, profit and loss statements, and patient logs for entities within a certain geographical proximity to the Anderson Practice.

36.     The Anderson Practice and Affordable Care objected to Travelers' request as unduly burdensome and irrelevant because the independently owned dental practices which receive administrative support from Affordable Care are separate businesses that do not share common ownership or revenues.

37.     The revenues earned by other Affordable Care dental practices are immaterial to the Anderson Practice's losses following the Incident and thus have no bearing on the claim calculations.

6

38.     Travelers has not demanded an appraisal of Affordable Care's and the Anderson Practice's claims.  Contemporaneously with the filing of this Complaint, Affordable Care and the Anderson Practice have demanded an appraisal of the claimed business interruption losses pursuant to the Traveler Policy's terms and conditions governing appraisals.  (*See id*. at § G, Loss Conditions at ¶ 2 (Appraisals).)

39.     Travelers has stated no valid basis for its failure to pay the claims submitted by either Affordable Care or the Anderson Practice.

40.     Travelers has breached its contractual obligations under the Travelers Policy and further breached its duty of good faith and fair dealing to its policyholders with wanton disregard of their interests.

## COUNT I

### **Breach of Contract**

41.     Plaintiffs incorporate by reference all allegations contained in the above paragraphs as if fully set forth herein.

42.     The Travelers Policy is a binding contract between the Anderson Practice and Affordable Care on the one hand, and Travelers on the other, which obligates Travelers to pay the claims for business interruption losses submitted by the Anderson Practice and Affordable Care resulting from the Incident.

43.     The Anderson Practice has satisfied all obligations under the Travelers Policy and has complied with any conditions necessary for coverage under the Travelers Policy.

44.     Affordable Care has satisfied all obligations under the Travelers Policy and has complied with any conditions necessary for coverage under the Travelers Policy.

45.     The Anderson Practice's insurance claim falls within the coverage grants of the Travelers Policy and Travelers has an obligation to pay that claim.

46.     Affordable Care's insurance claim falls within the coverage grants of the Travelers Policy and Travelers has an obligation to pay that claim.

47.     No exclusions apply that would relieve Travelers from its duty to pay the insurance claim submitted by the Anderson Practice for the business interruption losses sustained because of the Incident.

48.     No exclusions apply that would relieve Travelers from its duty to pay the insurance claim submitted by Affordable Care for the losses sustained because of the Incident.

49.     Travelers breached the Travelers Policy by failing to pay the covered losses sustained by the Anderson Practice and Affordable Care and conditioning payment on improper demands.

50.     As a direct and proximate result of Travelers' breaches, Plaintiffs have incurred and continue to incur damages, including, but not limited to, compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorney's fees and costs.

## COUNT II

### Bad Faith

51.     Affordable Care and the Anderson Practice incorporate by reference all allegations contained in the above paragraphs as if fully set forth herein.

52.     The Travelers Policy constitutes a valid and enforceable contract that imposes upon Travelers certain obligations, including the obligation to conduct a proper loss investigation and pay the claimed losses arising Incident.

53.     Affordable Care and the Anderson Practice have satisfied all obligations under the Travelers Policy and have complied with all conditions necessary for coverage under the Travelers Policy.

54.    Further, to the detriment of Affordable Care and the Anderson Practice, Travelers acted unreasonably and in bad faith by engaging in dilatory claims handling and refusing to pay its coverage obligations and leveraging HIPAA-protected data demands in a willful breach of its implied covenant of good faith and fair dealing.

55.    Travelers breached its good faith duties by unreasonably delaying its coverage positions by issuing overly burdensome requests for confidential information in its handling of the insurance claims.

56.    Despite having no reasonable basis for not covering the insurance claims in accordance with the Travelers Policy, Travelers has failed to provide coverage for the claims and thus prejudiced Affordable Care and the Anderson Practice.

57.    Travelers has acted with reckless disregard to its policyholders and failed to deal fairly and in good faith with Affordable Care and the Anderson Practice by, among other things, its failure and refusal to pay the insurance claims, and its improper handling of the claims.

58.    As a result of Travelers' willful breaches of its covenant of good faith and fair dealing, Plaintiffs have sustained damages, and are entitled to an award of compensatory damages, direct, consequential, and punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## IV.    JURY DEMAND

59.    Plaintiffs demand trial by jury on all issues so triable.

## V.    PRAYER FOR RELIEF

Wherefore, Plaintiffs ask that the Court grant the following relief:

- Enter judgment declaring that:

  - Travelers is obligated to pay $1,682.534 to Plaintiffs for the business interruption losses experienced as a result of the December 23, 2022 incident.

- Enter judgment in favor of Plaintiffs and against Travelers for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

- Award Plaintiffs actual, consequential, and any other damages, including punitive or extracontractual damages; costs, disbursements, expenses, and attorneys' fees, and pre- and post-judgment interest;

- Award Plaintiffs any other relief the Court may deem just and proper.

Dated:    December 22, 2025

Respectfully submitted,

WYCHE, P.A.

By:  s/Rita Bolt Barker
   Rita Bolt Barker (Fed ID No. 10566)
   200 East Broad Street, Suite 400
   Greenville, SC  29601-2892
   Telephone:  864-242-8235
   Email:  rbarker@wyche.com

   And

ANDERSON KILL P.C.

   Pamela D. Hans (*pro hac forthcoming*)
   Three Logan Square
   1717 Arch Street, 34th Floor
   Philadelphia, PA 19103
   Telephone:  267-216-2720
   Email:  phans@andersonkill.com

   Jorge R. Aviles (*pro hac forthcoming*)
   1800 K Street, Suite 1102
   Washington, DC 20006
   Telephone:  202-416-6500
   Email:  javiles@andersonkill.com

   ***Attorneys for Plaintiffs Affordable Care, LLC; Affordable Dentures & Implants – Anderson, P.C.; and Dr. Jennifer E. Lohse***

10